UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**LOUIS W CARBINS JR ET AL**            CASE NO.  6:23-CV-00830

**VERSUS**                              JUDGE ROBERT R. SUMMERHAYS

**VROOM AUTOMOTIVE L L C ET AL**        MAGISTRATE JUDGE DAVID J. AYO

<u>REPORT AND RECOMMENDATION</u>

Before this Court is DEFENDANTS' MOTION TO STAY CASE AND COMPEL ARBITRATION (Rec. Doc. 10) filed by defendants Vroom Automotive, LLC and Vroom, Inc. (collectively "Vroom").  This motion was referred to the undersigned Magistrate Judge for issuance of report and recommendation pursuant to 28 U.S.C. § 636.  After review of the motion, law, and argument presented, the undersigned recommends that Vroom's instant motion be GRANTED IN PART and DENIED IN PART without prejudice for the reasons discussed below.

*Factual Background*

Plaintiffs Louis W. Carbins, Jr. and Hiedi Carbins ("Plaintiffs") are Louisiana citizens residing in Lafayette, Louisiana. (Rec. Doc. 1 at ¶ 1).  Vroom operates an online business from which it buys, sells, and trades automobiles. (*Id.* at ¶ 5).  Plaintiffs purchased a 2019 Toyota Camry ("Vehicle") from Vroom on September 13, 2021 from Vroom. (Rec. Doc. 10-1 at p. 1).  Plaintiffs allege that they took possession of the vehicle bearing a temporary license tag issued in the State of Texas. (Rec. Doc. 1 at ¶ 30).  Vroom provided a series of temporary license tags in succession because the title to the vehicle was not timely forwarded to Plaintiffs or the lienholder, Navy Federal Credit Union.  (*Id.* at ¶¶ 30-32).  After three sets of temporary tags were provided, Vroom informed Plaintiffs that under Texas law it could not provide any additional tags.  (*Id.* at ¶ 31).  Plaintiffs requested that Vroom provide a

1

rental car until title could be obtained on the vehicle. Plaintiffs and Navy Federal contacted Vroom to urge that the title be forwarded as soon as possible. None of these communications received a response from Vroom. (*Id.* at ¶¶ 32–33). Due to the lack of title to the vehicle, Navy Federal began charging additional interest on the loan on September 26, 2022. (*Id.* at ¶ 34). After seeking the assistance of the Texas and Louisiana Departments of Motor Vehicles, and making two trips to Vroom's dealership in Stafford, Texas, Plaintiffs received the title to the vehicle on October 6, 2022. (*Id.* at ¶ 43).

Plaintiffs filed suit against Vroom on June 20, 2023 alleging violations of the Texas Deceptive Trade Practices Act ("Act"), Tex. Bus. & C. Code §17.41, *et seq.* (Rec. Doc. 1 at ¶ 4). Defendants filed answers (Rec. Docs. 8, 9) and the instant motion (Rec. Doc. 10). Plaintiffs, acting *pro se* in this matter, filed no opposition.

### *Applicable Standard*

Vroom's motion seeks a stay of Plaintiffs' suit and an order compelling arbitration of Plaintiffs' claims against them according to an arbitration clause contained in the contract between Louis Carbins and Vroom. (Rec. Doc. 10). When presented with such a motion, the court must initially determine whether the parties agreed to arbitrate the particular claims at issue. *Halliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 530 (5th Cir. 2019). The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, favors liberal enforcement of arbitration agreements but does not apply to the threshold question of whether the parties intended to arbitrate a particular claim. *CompuCredit Corp. v. Greenwood*, 565 U.S. 95 (2012). Analysis of the validity of an arbitration agreement is treated as a matter of contract according to state law. *Will-Drill Res. Inc. v. Samson Res. Co.*, 352 F.3d 211, 218 (5th Cir. 2003).

The contract executed by the parties states that it will be governed by "federal law and the law of the state of Vroom's licensed dealership address shown above." The licensed dealership address is listed as "12053 Southwest Freeway, Stafford, TX, 77477[.]" (Rec. Doc. 10-1 at p. 1). The undersigned agrees with Vroom's assertion that, according to these terms, the contract is governed by federal law and Texas law. (Rec. Doc. 10 at p. 3). Plaintiffs do not challenge the application of Texas law to their claims.

When presented with the threshold issue of whether parties to a contract agreed to arbitrate a specific claim, Texas courts seek to determine "'the parties' common intent as expressed in the terms of the contract.'" *Barnes v. Vroom Auto., LLC*, 2023 WL 3025076 (S.D. Tex. 4/20/2023) (quoting *Halliburton*, *supra*, at 530–31). The arbitration clause found at Section 15 of the contract provides, in pertinent part,

> 1. THIS AGREEMENT PROVIDES THAT ALL DISPUTES BETWEEN YOU AND VROOM WILL BE RESOLVED BY BINDING ARBITRATION, EXCEPT FOR MATTERS THAT MAY BE TAKEN TO SMALL CLAIMS COURT.

(Rec. Doc. 10-1 at p. 4). The arbitration clause defines the term "dispute"

> to include past, current, and/or future claims seeking equitable and/or monetary relief that related in any way to the Vehicle, the Agreement, services and goods provided in connection with the Vehicle or Agreement…[, and] tort claims.

(*Id.*).

Plaintiffs' claims sound in contract and in tort, alleging breach of the Agreement and negligence in the approximately 13 months between Plaintiffs' purchase of the vehicle and receipt of the title. (Rec. Doc. 1, generally). The broad arbitration agreement fairly encompasses Plaintiffs' claims as stated, since they relate exclusively to the vehicle and the Agreement. Accordingly, this Court finds Plaintiffs' claims to be of the sort intended to be arbitrated under the Agreement's arbitration clause.

Since the claims at issue are within the ambit of the arbitration agreement, this Court must next ask "whether legal constraints external to the parties' agreement" render it unenforceable. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 258 (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985)). Vroom asserts that no such external constraints exist in this case. Plaintiffs do not dispute this analysis. This Court finds no such external constraints foreclose enforcement of the arbitration agreement.

One matter remains for this Court's consideration, raised in a footnote by Vroom. (Rec. Doc. 10 at p. 1, n. 1). Plaintiffs in this suit are Louis Carbins and his spouse, Hiedi Carbins. As pointed out by Vroom, only Louis Carbins signed the Agreement. Even so, Vroom asks that any order by the Court staying this suit and compelling arbitration include all claims by Hiedi Carbins. Vroom states that it "anticipates filing a separate motion to dismiss Ms. Carbins' claims for failure to state a claim and for lack of standing." (*Id.*). Disregarding the obvious impediment to dismissal posed by Vroom's requested stay of these claims, this Court turns to the arbitrability of claims by Hiedi Carbins.

As a general premise, a party who has not signed an arbitration agreement may not be compelled to arbitrate. *The Rice Co. (Suisse), S.A. v. Precious Flowers Ltd.*, 523 F.3d 528, 537 (5th Cir. 2008). As the party seeking to enforce an arbitration agreement against Ms. Carbins, Vroom bears the burden of demonstrating a valid arbitration agreement exists between the parties. *Huckaba v. Ref-Chem, L.P.*, 892 F.3d 686 (5th Cir. 2018) (citing *J. M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 228 (Tex. 2003)). As evidenced by the contract itself and acknowledged by Vroom in footnote 1 of its motion, no arbitration agreement exists as between these parties. (Rec. Doc. 10 at p. 1, n. 1; Rec. Doc. 10-1 at p. 6). Vroom nevertheless contends that Ms. Carbins should be compelled to arbitration and, accordingly, this suit should be stayed as to all such claims. As the party seeking to impose arbitration upon a non-signatory, Vroom bears the additional burden of proving one of six available

4

theories compelling non-signatory arbitration applies in this case. *Bridas S.A.P.I.C. v. Gov't of Turkmenistan*, 345 F.3d 347, 356 (5th Cir. 2003) (citations omitted), *cert. denied*, 541 U.S. 937 (2004). These are: (1) incorporation by reference; (2) assumption; (3) agency; (4) veil piercing or alter ego; (5) estoppel; and (6) third-party beneficiary. *Id*. (citations omitted). Vroom does not address its burden under *Bridas*. For this reason, to the extent that Vroom's motion seeks relief as to claims by Hiedi Carbins, the undersigned finds no basis upon which to grant the motion based on the record before the Court at this time. Accordingly, this Court will recommend Vroom's motion be denied as to Hiedi Carbins.

## *Conclusion*

For the reasons discussed herein, this Court recommends that DEFENDANTS' MOTION TO STAY CASE AND COMPEL ARBITRATION (Rec. Doc. 10) be GRANTED IN PART as to plaintiff Louis W. Carbins. Accordingly, it is recommended that all claims by Louis W. Carbins against Vroom in this suit be STAYED pending arbitration under the contract. It is further recommended that, to the extent Vroom's instant motion seeks relief as to claims by plaintiff Hiedi Carbins, the motion be DENIED IN PART based on Vroom's failure to demonstrate that Hiedi Carbins, as a non-signatory to the arbitration agreement at issue, may be compelled to arbitrate under applicable law and jurisprudence. It is, finally, recommended that Vroom be permitted to renew the motion as to Hiedi Carbins' claims at its discretion.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following

the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 29th day of February, 2024.

_____
**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**