**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **LOUIS W. CARBINS, JR., ET AL.** | **CASE NO.  6:23-CV-00830** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **VROOM AUTOMOTIVE, LLC, ET AL.** | **MAGISTRATE JUDGE DAVID J. AYO** |

**ORDER**

Federal courts "have a continuing obligation to examine the basis for their jurisdiction," and the issue may be raised "by the court *sua sponte*, at any time."[1] Plaintiffs bring this suit for a violation of the Texas Deceptive Trade Practices Act, alleging the Court has diversity jurisdiction under 28 U.S.C. § 1332.[2] That statute provides this Court with original jurisdiction over claims where (1) the amount in controversy exceeds $75,000, and (2) the action is between citizens of different states. *Id.* § 1332(a)(1). The party seeking to invoke federal diversity jurisdiction bears the burden of establishing the amount in controversy exceeds $75,000 by a preponderance of the evidence.[3] Here, it is not apparent from the Complaint that Plaintiffs' claim exceeds the jurisdictional amount. Accordingly,

IT IS HEREBY ORDERED that on or before May 20, 2026, Plaintiff Heidi Carbins is to SUBMIT a Motion in Support of Jurisdiction, demonstrating that the value of her injuries exceeded $75,000 at the time the Complaint was filed. On or before June 3, 2026, Defendant may file a response. On or before June 17, 2026, Ms. Carbins may file a reply.

---

[1] *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).
[2] ECF No. 1.
[3] *Garcia v. Koch Oil Co. of Texas Inc*., 351 F.3d 636, 638 (5th Cir. 2003); *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002).

IT IS FURTHER ORDERED that the trial of this matter is REMOVED from the Court's

trial docket, pending a determination of whether subject matter jurisdiction is preset.

THUS DONE in Chambers on this 29th day of April, 2026.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE