UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

LOUIS W. CARBINS, JR., ET AL.                    CASE NO.  6:23-CV-00830

VERSUS                                            JUDGE ROBERT R. SUMMERHAYS

VROOM AUTOMOTIVE, LLC, ET AL.                    MAGISTRATE JUDGE DAVID J. AYO

RULING

Plaintiffs Louis and Heidi Carbins filed this civil action on June 20, 2023, asserting violations of the Texas Deceptive Trade Practices—Consumer Protection Act ("DTPA"),[1] and premising federal jurisdiction on diversity of citizenship.[2] The diversity statute is satisfied upon a showing of (1) diversity between the parties, and (2) an amount in controversy in excess of $75,000, exclusive of interest and costs.[3] The party seeking to invoke federal diversity jurisdiction bears the burden of establishing the amount in controversy exceeds $75,000 by a preponderance of the evidence.[4] Further, federal courts "have a continuing obligation to examine the basis for their jurisdiction," and the issue may be raised "by the court *sua sponte*, at any time."[5] Because it is not apparent from the Complaint that Plaintiffs' claims exceed the jurisdictional amount, the Court ordered Plaintiff Heidi Carbins to submit a Motion in Support of Jurisdiction, demonstrating

---

[1] TEX. BUS. & COM. § 17.41, *et seq.*
[2] 28 U.S.C. § 1332.
[3] *Id.* §1332(a)(1).
[4] *Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 638 (5th Cir. 2003); *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002).
[5] *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."); FED. R. CIV. P. 12(h)(3).

that the value of her injuries exceeded $75,000 at the time the Complaint was filed.[6] Plaintiff submitted her motion, and Defendants have filed their response.[7]

Vroom operates an online business from which it buys, sells, and trades automobiles.[8] Plaintiffs purchased a 2019 Toyota Camry from Vroom on September 13, 2021, for $29,420.72.[9] Plaintiffs (who are domiciled in Louisiana) allege that they took possession of the vehicle bearing a temporary license tag issued in the State of Texas.[10] Vroom provided a series of temporary license tags in succession because the title to the vehicle was not timely forwarded to Plaintiffs or the lienholder, Navy Federal Credit Union.[11] After three sets of temporary tags were provided, Vroom informed Plaintiffs that under Texas law it could not provide any additional tags.[12] The last temporary tag expired on February 22, 2022.[13] Plaintiffs requested that Vroom provide a rental car until title could be obtained on the vehicle.[14] Vroom paid for and provided Plaintiffs with a rental car—a 2021 Nissan Rogue—until title to the purchased vehicle could be delivered.[15] The total time Plaintiffs were without either a temporary license tag or a rental vehicle was eight days.[16] Plaintiffs and Navy Federal Credit Union contacted Vroom to urge that the title be forwarded as soon as possible. None of these communications received a response from Vroom.[17] Due to the lack of title to the vehicle, on September 26, 2022, Navy Federal "changed the type of loan

---

[6] ECF No. 29. Upon motion of Defendants, Louis Carbins was ordered to arbitrate his claims. *See* ECF No. 16.
[7] ECF Nos. 34, 35.
[8] ECF No. 1 at 2.
[9] *Id.* at 10; ECF No. 34 at 2.
[10] ECF No. 1 at 1, 5, 8, 10–11.
[11] *Id.* at 10.
[12] *Id.*
[13] *Id.*
[14] *Id.*
[15] ECF No. 34 at 2; ECF No. 35 at 2.
[16] ECF No. 35 at 2–3.
[17] ECF No. 1 at 10.

provided" and began charging additional interest "due to waiting almost a year for the title."[18] After seeking the assistance of the Texas and Louisiana Departments of Motor Vehicles, and making two trips to Vroom's dealership in Stafford, Texas, Plaintiffs received the title to the vehicle on October 6, 2022.[19] Plaintiffs state the penalty imposed for failing to timely register the vehicle in Louisiana "was steep."[20] Because Defendants can only issue temporary license tags if the vehicle owner has insurance coverage consistent with the minimum coverages required under Texas law, and because Texas requires higher minimum coverage than Louisiana, Plaintiffs state they were required to increase their insurance coverage for an unspecified period of time.[21]

Under the DTPA, a consumer who prevails may recover economic damages, which does not include mental anguish.[22] However, where the consumer proves that the prohibited conduct was committed knowingly or intentionally, the Act provides for additional damages:

> If the trier of fact finds that the conduct of the defendant was committed knowingly, the consumer may also recover damages for mental anguish, as found by the trier of fact, and the trier of fact may award not more than three times the amount of economic damages; or if the trier of fact finds the conduct was committed intentionally, the consumer may recover damages for mental anguish, as found by the trier of fact, and the trier of fact may award not more than three times the amount of damages for mental anguish and economic damages.[23]

Here, Plaintiffs were unable to use the purchased Toyota Camry from February 22, 2022 until October 6, 2022, a period of 226 days. Accepting as true Plaintiffs' allegation that the rental vehicle Defendant provided for their use during that period of time was insufficient for their needs, Plaintiffs' economic damages consist of approximately seven-and-a-half months of loss of use of the Camry. The only evidence in the record bearing on loss of use damages is that Plaintiffs'

---

[18] ECF No. 1 at 10.
[19] *Id.* at 12.
[20] ECF No. 1 at 13.
[21] *Id.* at 14.
[22] TEX. BUS. & COM. §§ 17.50(b)(1), 17.45(11).
[23] TEX. BUS. & COM. § 17.50(b)(1).

monthly note on the Camry was $586.15.[24] Multiplying that figure by eight months renders a total of $4,689.20. There is nothing in the record—*i.e.*, no evidence nor even an assertion—indicating the amount of damages Plaintiffs incurred during the one-month period they paid a higher interest rate on the vehicle, the amount of any increased insurance premiums, or the amount of the late registration penalties charged by the State of Louisiana. Likewise, Plaintiffs have not provided anything to support a monetary amount that would compensate them for their alleged mental anguish damages.

It is well established that federal courts have limited subject matter jurisdiction, and "there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court."[25] Here, Plaintiffs have failed to establish that the amount in controversy exceeds $75,000 by a preponderance of the evidence. Therefore, this Court lacks jurisdiction over this matter. Accordingly, this civil action will be dismissed without prejudice.

SIGNED this 28ᵗʰ day of July, 2026.

_____
ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

---

[24] *See* ECF No. 35-1.
[25] *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996); 13 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 3522 (3d ed. 1998).